**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.P.**

**No. 21-0301** (Raleigh County 19-JA-219-K)

**MEMORANDUM DECISION**

Petitioner Mother R.B., by counsel Gavin G. Ward, appeals the Circuit Court of Raleigh County's March 17, 2021, order terminating her parental rights to J.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Donnie L. Adkins II, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in denying her motion for a continuance, in terminating her parental rights, and by failing to consider less-restrictive dispositional alternatives to termination of parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a child abuse and neglect petition alleging that newborn J.P. exhibited controlled substance withdrawal symptoms upon birth. The DHHR alleged that petitioner tested positive for amphetamine upon her admission to the hospital and that J.P.'s umbilical cord tested positive for amphetamine, fentanyl, and cannabinoids. According to the DHHR, petitioner admitted to a "very big addiction" to Neurontin and marijuana, but she asserted that she ceased use of those substances early in her pregnancy. The DHHR alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

petitioner presented with numerous sores on her face, neck, arms, and hands. The DHHR further alleged that a case worker scheduled an appointment to visit petitioner's home, but petitioner did not keep the appointment. The same day of the missed appointment, petitioner was arrested for shoplifting and possession of a controlled substance and incarcerated. Petitioner waived her preliminary hearing.

The circuit court convened for an adjudicatory hearing in January of 2020. Petitioner was still incarcerated as she had been unable to post bond for her criminal charges. Nevertheless, she was transported to the hearing, for which she appeared in person and by counsel. Petitioner stipulated to the allegations and admitted that her substance abuse negatively affected her ability to parent the child. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Further, petitioner moved for a six-month post-adjudicatory improvement period, which was granted without objection. The circuit court ordered petitioner to participate in random drug screening, inpatient substance abuse treatment, and a parental fitness evaluation, as terms of her improvement period.

Petitioner began an inpatient substance abuse treatment program early in 2020. In June of 2020, the DHHR reported that petitioner completed her treatment program. The DHHR assisted petitioner in finding housing and paid her first month's rent. Petitioner obtained employment. However, twice in August of 2020, petitioner's random drug screening returned a "positive dilute" result for amphetamine and methamphetamine. A DHHR case worker contacted petitioner, and petitioner admitted that she relapsed into substance abuse. According to the DHHR, petitioner asserted that she did not have a substance abuse problem and, against the advice of the DHHR worker, did not return to substance abuse treatment. The DHHR reported that petitioner tested positive for amphetamine, methamphetamine, and oxycodone later in August of 2020 and then missed a drug screening appointment. Then, in September of 2020, petitioner missed seven appointments for random drug screening. Petitioner's service providers had limited contact with her early in September of 2020 and reported that she exhibited slurred speech and sent text messages to her providers that were unintelligible. By mid-September of 2020, petitioner ceased contact with service providers and ceased participating in random drug screening. Finally, the DHHR reported that petitioner was being evicted from her residence and had been terminated from her employment. On September 29, 2020, the DHHR filed a motion to terminate petitioner's improvement period based on the foregoing information. In early October of 2020, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period and found that the improvement period had expired by its own terms.

In January of 2021, the circuit court held a dispositional hearing. Petitioner appeared in person and by newly-appointed counsel. Counsel moved to continue the hearing due to the recent appointment, and the circuit court granted that motion.[2] In March of 2021, the circuit court held the final dispositional hearing. Petitioner did not appear but was represented by counsel. The circuit court noted that petitioner called the courthouse prior to the hearing, indicating that she

---

[2]It is unclear from the record provided why new counsel was appointed to represent petitioner.

would be late. Petitioner called a second time, a half-hour after the scheduled hearing time, and advised that she had no transportation to the courthouse. Petitioner, by counsel, moved to continue the hearing, asserting that petitioner had prepared a letter she wished to read to the court prior to disposition but had not provided the letter to counsel. The circuit court denied the motion, finding that proceeding with disposition was in the child's best interest due to the age of the case and petitioner's noncompliance with the DHHR.

The circuit court took judicial notice of all prior evidence in the proceedings. It found that petitioner had a history of addiction and, despite completing a substance abuse treatment program, she failed to maintain sobriety. The court found that petitioner's addiction led "to multiple arrests" during the proceedings, and that those arrests were related to petitioner's substance abuse. Further, the court found that petitioner failed to participate in court-ordered drug screening or the DHHR's remedial services. The circuit court concluded that petitioner failed to follow through with the terms of her improvement period and, therefore, there was "no reasonable hope [petitioner could] shed her addiction and successfully overcome it during the reasonably foreseeable future." The circuit court decided that petitioner's "drug addiction place[d] the child in serious risk" and that it was in the child's best interests to terminate petitioner's parental rights. Petitioner now appeals the circuit court's March 17, 2021, order that denied her motion to continue the proceedings and terminated her parental rights to the child.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[3]The father voluntarily relinquished his parental rights to the child. According to the parties, the permanency plan for the child is adoption in his current placement with the paternal grandparents.

On appeal, petitioner argues that the circuit court erred in denying her motion to continue the proceedings as it denied her an opportunity to be heard.[4] She asserted that the proceedings must be remanded for consideration of a post-dispositional improvement period. She argues that she participated in a substance abuse treatment program and that constitutes a substantial change in circumstances from the prior improvement period.[5] While petitioner acknowledges a "heavy burden" to be granted a post-dispositional improvement period in this case, she nevertheless asserts that she is entitled to an opportunity to be heard on that issue. We find petitioner is entitled to no relief.

This Court has held that "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 3, in part, *In re Mark M.*, 201 W. Va. 265, 496 S.E.2d 215 (1997) (quoting Syl. Pt. 2, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979)). "Whether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied." *Id* at 266, 496 S.E.2d at 216, Syl. Pt. 4, in part (citation omitted).

At the time petitioner's motion to continue was made, the child abuse and neglect proceedings had been pending for seventeen months, and petitioner had been noncompliant with services for five months. No evidence was presented that petitioner had made any progress toward correcting the conditions of abuse and neglect since September of 2020 when petitioner last tested positive for multiple controlled substances, was evicted from her housing, and was terminated from her employment. Furthermore, it is clear from the record that petitioner was notified of the time and date of the March of 2021 hearing as she was present when the date was set on the record in January of 2021, and she contacted the circuit court and her counsel prior to the March of 2021 hearing. Finally, the circuit court found that denying the motion to continue the proceedings was in the child's best interests.

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age

---

[4]Petitioner distinguishes the facts of her case from *In re T.S.*, 241 W. Va. 559, 827 S.E.2d 29 (2019), which she considers to be the "preeminent case" on motions to continue during abuse and neglect proceedings. Petitioner asserts that the facts of *T.S.* include a respondent traveling to Florida, being wanted for criminal activity in West Virginia, and moving for a continuance due to her unavailability for the proceeding. However, those are not the facts of *T.S.*, and we find that case to be inapplicable to the facts of this proceeding.

[5]A "substantial change in circumstances" that causes the parent to be "likely to fully participate in the improvement period" is one of the requirements to be granted a second improvement period during a child abuse and neglect proceeding. *See* W. Va. Code § 49-4-610(3)(D).

4

of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Based on the factual circumstances presented here, we find no error in the circuit court's decision to deny petitioner's motion to continue the proceedings.

Furthermore, petitioner fails to cite to a place in the record where she requested a post-dispositional improvement period. West Virginia Code § 49-4-610(3)(A) provides that a circuit court may grant a post-dispositional improvement period when the parent "moves in writing for the improvement period." "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we will not address this contention on appeal.

Petitioner also argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative, such as imposition of a legal guardianship that she requests on appeal. She asserts that the circuit court never considered the possibility of legal guardianship or termination of her custodial rights only. However, petitioner does not challenge (or even acknowledge) the circuit court's finding that "there is no less restrictive alternative to termination" of petitioner's parental rights, which is clearly set forth in the final order.

Indeed, pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to follow through with a reasonable family case plan designed to prevent further abuse and neglect of the child. Although petitioner completed a substance abuse treatment program, she relapsed into substance abuse in August of 2020. Soon after her relapse, petitioner ceased participation in any services with the DHHR, including random drug screening. Petitioner never resumed participation in services. After seventeen months of proceedings, petitioner had not remedied the conditions of abuse and neglect and there was no evidence that she was even attempting to address her substance abuse issues. Accordingly, the record supports

a finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011).

Because the record fully supports a finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and further supports the circuit court's finding that "there is no less restrictive alternative to termination" of petitioner's parental rights, we find no error in the proceedings below. Petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 17, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton