496 S.E.2d 215

**In re MARK M., III.**

**No. 24154.**

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 10, 1997.

Decided Oct. 24, 1997.

Robert E. Barrat, Charles Town, Guardian ad Litem for the infant, Mark M., III.

Pamela Games–Neely, Prosecuting Attorney, Martinsburg, for the State of West Virginia.

Paul E. Lane, Martinsburg, for Mark M., II.

Amanda Lewis, Martinsburg, for Elizabeth M.

PER CURIAM: [1]

This appeal arises from a final order issued under the civil abuse and neglect statutes by the Circuit Court of Berkeley County, which order gave custody of the appellant, Mark M., III, (hereinafter Mark M.) to his father the appellee, Mark M., II (hereinafter Mark Sr.). The guardian ad litem for Mark M. argues on appeal that it was error for the

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

circuit court to grant custody of the child to Mark Sr., without a permanency plan being submitted to and approved by the court. Additionally, the guardian ad litem asserts error due to the circuit court's failure to grant the guardian ad litem's motion for a continuance based upon information obtained only a few days before the scheduled dispositional hearing. We agree.

### I.

This case was initiated by a civil neglect and abuse petition filed on January 30, 1996, against the child's mother, appellee Elizabeth M.[2] The petition alleged that the child was abused, as a result of being born with traces of cocaine in his blood. At an adjudication hearing held on August 14, 1996, it was determined that the child had been abused due to his mother's use of cocaine while she was pregnant. A dispositional hearing was held on September 20, 1996. At the dispositional hearing the circuit court terminated the parental rights of the mother to the child. Additionally, the circuit court ordered the child be returned to his father, Mark Sr. The guardian ad litem objected to the child being released without a permanency plan being formulated and approved by the court. The circuit court ruled that there was no need for a permanency plan. The guardian ad litem contends the latter ruling was error.

Additionally, the guardian ad litem argues that three days before the dispositional hearing, the Department of Health and Human Resources (DHHR) abruptly changed its position regarding placement of Mark M. without consultation with or notice to the guardian ad litem. Given the seriousness of the newly-acquired information regarding the father, the father's unwillingness to cooperate and the lack of communication between the DHHR and the guardian ad litem, the guardian ad litem filed motions: (a) requesting the court continue the dispositional phase until an investigation was made; (b) requesting the court's assistance in obtaining information from the father; and (c) requesting the court to order the DHHR to conduct an

investigation into the newly acquired information. The circuit court denied the guardian ad litem's motions. The guardian ad litem asserts error. We agree.

### II.

■ The standard of review appropriate here is the clearly erroneous standard. Syl. Pt. 1, *State ex rel. Diva P. v. Kaufman*, 200 W.Va. 555, 490 S.E.2d 642 (1997). It is mandatory under W.Va.Code § 49–6–5(a) (1996) that a child's case plan, which must include a permanency plan, be submitted to and approved by a circuit court whenever a child is adjudged abused or neglected. *See* Syl. Pt. 4, *State ex rel. S.C. v. Chafin*, 191 W.Va. 184, 444 S.E.2d 62 (1994). Therefore, in the instant proceeding it was reversible error for the circuit court to release the child without a child's case plan being submitted to and approved by the court. On remand the circuit court shall obtain a child's case plan in accordance with W.Va.Code § 49–6–5(a) and *State ex rel. S.C. v. Chafin.*

■ As to the denial of the motion to continue, this Court has long held that "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979). In syllabus point 3 of *Bush* we held that "[w]hether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied." Our holdings in *Bush* must be reconciled with our decision in syllabus point 3 of *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 470 S.E.2d 205 (1996) wherein we held:

There is a clear legislative directive that guardians ad litem and counsel for both sides be given an opportunity to advocate for their clients in child abuse or neglect proceedings. West Virginia Code § 49–6–

---

**2.** The child's father, Mark Sr., was named in the petition. No allegations of abuse or neglect were made against him.

5(a) (1995) states that the circuit court shall give both the petitioner and respondents an opportunity to be heard when proceeding to the disposition of the case. This right must be understood to mean that the *circuit court may not impose unreasonable limitations upon the function of guardians ad litem* in representing their clients in accord with the traditions of the adversarial fact-finding process. (Emphasis added.)

The circuit court's refusal to continue the matter precluded the guardian ad litem from fulfilling his obligations to properly represent the best interests of his client, Mark M. Allowing the motions would have had no impact on the rights of the father. Moreover, granting the motions would have insured that, in fact, the guardian ad litem's report and recommendation on disposition contained all pertinent information. We find that the circuit court abused its discretion in denying the guardian ad litem's motion for continuance.

We therefore reverse and remand this case with directions that the circuit court obtain a child's case plan in accordance with W.Va. Code § 49–6–5(a) and *State ex rel. S.C. v. Chafin* and schedule a hearing during which the guardian ad litem can present his position regarding disposition of the case.

Reversed and Remanded.