**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.S., B.M., and I.S.**

**No. 21-0444** (Logan County 19-JA-32, 19-JA-33, and 19-JA-34)

**MEMORANDUM DECISION**

Petitioner Father E.S., by counsel Mark Hobbs, appeals the Circuit Court of Logan County's April 30, 2021, order terminating his parental rights to A.S., B.M., and I.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Donna L. Pratt, filed a response on the children's behalf in support of the circuit court's order. Intervenor Foster Parents L.R. and M.R., by counsel Robert M. Ilderton, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to continue the final dispositional hearing, in finding that the DHHR made reasonable efforts to reunify the family, and in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future, and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner's controlled substance abuse negatively affected his ability to parent the children. The DHHR alleged that petitioner admitted to using methamphetamine and that he tested positive for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

methamphetamine, amphetamine, ecstasy, and buprenorphine. The DHHR also alleged that petitioner exercised inappropriate discipline of then four-year-old B.M., including cursing at the child and hitting him. Further, the DHHR reported that then thirteen-year-old A.M. was diagnosed with strep throat prior to the removal, and neither petitioner nor the mother had filled the child's prescription. Petitioner waived his preliminary hearing.

The circuit court held an adjudicatory hearing in June of 2019. Petitioner admitted that he had a drug addiction problem that negatively affected his ability to parent the children. The court noted that petitioner was participating in random drug screening and testing positive for methamphetamine. The circuit court adjudicated petitioner as an abusing parent based on his admission and his positive drug screening results. Petitioner orally moved for a post-adjudicatory improvement period, which was held in abeyance until the motion was reduced to writing. The parties later agreed upon terms of petitioner's improvement period, which required his participation in random drug screening; a substance abuse evaluation; a medically assisted substance abuse treatment program, in which petitioner was already enrolled; in-home services; and supervised visitation, pending negative drug screening results. Petitioner did not file his motion for an improvement period until September of 2019, at which point it was granted.

The circuit court held a review hearing in January of 2020. The DHHR reported that petitioner was participating in random drug screening and testing positive for Suboxone only, which was prescribed through his treatment program. The DHHR noted, however, that petitioner had not yet signed a release for the DHHR to obtain his treatment records, which the circuit court ordered petitioner to do. Petitioner was granted unsupervised visitation with the children. In May of 2020, the circuit court held a review hearing. The DHHR reported that petitioner had participated in only three drug screenings since January of 2020 and that those tests returned positive results for methamphetamine and amphetamine. The DHHR also alleged that petitioner was removed from his treatment program for failing to participate in random drug screening.

In June of 2020, the DHHR filed a motion to terminate petitioner's parental rights, alleging that he failed to fully participate in his improvement period; failed to participate in random drug screening; failed to maintain contact with the DHHR or his attorney; and failed to fully participate in in-home services. It alleged that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future due to his failure to address his substance abuse.

The circuit court held a final improvement period review hearing in July of 2020. Petitioner did not appear, but his counsel appeared on his behalf. The parties agreed to continue the hearing, which was held telephonically due to the COVID-19 pandemic, for an in-person hearing.

The circuit court reconvened in September of 2020. Again, petitioner did not appear in person, but his counsel appeared on his behalf. A DHHR worker testified that petitioner had failed to participate in his improvement period as described in the DHHR's motion to terminate his parental rights. The DHHR worker testified that petitioner's last random drug screening was in March of 2020, which was positive for methamphetamine, amphetamine, and cocaine. Petitioner's visitation with the children was suspended in May of 2020 due to his noncompliance

with random drug screening. The DHHR worker further testified that petitioner did not release any documents from his treatment program to the DHHR. Petitioner presented no evidence. The court ultimately found that petitioner failed to successfully complete his improvement period. However, due to the untimely filing of the children's case plan, the court held the DHHR's motion to terminate petitioner's parental rights in abeyance and set the proceedings for a dispositional hearing.

In March of 2021, the circuit court held the final dispositional hearing. Petitioner did not appear, but his counsel appeared on his behalf. Petitioner's counsel moved to continue the hearing and proffered that he mailed petitioner a certified letter to his last known address, which included the DHHR's motion to terminate his parental rights. However, counsel asserted that the letter was received and signed for by an individual other than petitioner. The circuit court denied petitioner's motion to continue, considering that the motion to terminate petitioner's parental rights had been pending for more than six months and that petitioner was previously made aware that termination of his parental rights was a possible outcome of the child abuse and neglect proceedings.

A DHHR worker testified that petitioner had not contacted the DHHR since the September of 2020 hearing. She testified that petitioner submitted to one random drug screening in February of 2021, which was positive for methamphetamine and amphetamine. Petitioner had not visited with his children since May of 2020. Petitioner presented no evidence.

Ultimately, the circuit court found that petitioner was a habitual user of controlled substances and that there was no reasonable likelihood that he could substantially correct the conditions of neglect or abuse in the near future. The court further found that termination of petitioner's parental rights was in the children's best interests. Accordingly, the circuit court entered its April 30, 2021, order, terminating petitioner's parental rights. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[2]The children's respective mothers voluntarily relinquished their parental rights. According to the parties, the permanency plan for A.S. is adoption by her maternal grandparents. The permanency plan for B.M. and I.S. is adoption by the intervenor foster parents, L.R. and M.R.

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, we first address petitioner's argument that the circuit court erred in denying his oral motion to continue the final dispositional hearing. As part of his argument, petitioner cites to his counsel's comments during the dispositional hearing, wherein counsel stated that he spoke to petitioner two days prior to the hearing. Counsel stated on the record that he informed petitioner that "this [dispositional] hearing coming up was in person" and directed petitioner to call counsel's office if he could not attend. Counsel argued that if petitioner "realize[d] there [was] a motion to terminate[,] maybe he would have been a little bit more involved in some of these proceedings." Petitioner argues that the time limits found in West Virginia Code § 49-4-605(a)(1) had not yet been reached, and, therefore, petitioner should have been provided additional time.

To the contrary, the time limits provided in West Virginia Code § 49-4-605(a)(1) had been exceeded. This code section provides that the DHHR shall seek termination of a parent's parental rights

[i]f a child has been in foster care for 15 of the most recent 22 months as determined by the earlier of the date of the first judicial finding that the child is subjected to abuse or neglect or the date which is 60 days after the child is removed from the home.

W. Va. Code § 49-4-605(a)(1). The DHHR took emergency custody of the children on March 22, 2019. In accordance with the statute, the months begin to tally sixty days after the children's removal from the home, or, in this case, May 22, 2019. The children were in foster care throughout the proceedings, and the fifteenth month concluded in August of 2020. When the circuit court held the final dispositional hearing on March 4, 2021, the children had been in foster care for nearly twenty-four months.

Furthermore, this Court has held that "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 3, in part, *In re Mark M.*, 201 W. Va. 265, 496 S.E.2d 215 (1997) (quoting Syl. Pt. 2, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979)). "Whether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied." *Id.* at 266, 496 S.E.2d at 216, Syl. Pt. 4 (quoting Syl. Pt. 4, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979)). We find no abuse of discretion in the circuit court's decision based on the circumstances presented. By counsel's own admission, petitioner had actual notice of the hearing and failed to appear. Moreover, to the extent petitioner is arguing that he was unaware

his parental rights were in jeopardy during these proceedings, the record provides that the circuit court instructed petitioner, early in the proceedings, of the nature of the proceedings and the possible outcomes. Nevertheless, petitioner chose not to participate, and we find no error in the circuit court's decision to deny petitioner's motion to continue.

Petitioner also asserts that the circuit court erred in finding that the DHHR made reasonable efforts to reunify the family. He argues that he was never provided the opportunity to properly address or correct his underlying addiction problems. However, this argument is simply not supported by the record. Pursuant to West Virginia Code § 49-4-604(c)(6)(C)(iii), the circuit count shall consider "[w]hether or not the [DHHR] made reasonable efforts . . . to preserve the family, or some portion thereof" when deciding whether to terminate a parent's parental rights. The record provides that petitioner was granted an improvement period, and the DHHR provided him services throughout that improvement period. The DHHR offered petitioner random drug screening, a substance abuse evaluation, in-home services, and visitation with the children in order to assist him in remedying the conditions of neglect and abuse. Furthermore, petitioner initially sought and participated in a substance abuse treatment program. However, as mentioned above, petitioner did not fully avail himself of these services. Petitioner cites to no place in the record to support his contention that the DHHR did not make reasonable efforts to reunify the family, and upon our review, we find this argument to be meritless.

Finally, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of neglect or abuse in the near future. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child[ren].

Here, the circuit court properly found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future because he failed to follow through with a reasonable family case plan. Although petitioner initially participated in random drug screening, the circuit court found that he failed to successfully complete the terms of his improvement period in September of 2020. The evidence presented at the September of 2020 hearing showed that petitioner ceased participating in random drug screening following multiple tests that returned positive results for methamphetamine. As a direct consequence of petitioner's failure to participate in drug screening, petitioner's visitation with the children was suspended. The evidence also showed that petitioner had not participated in in-home services. Similarly, at the March of 2021 hearing, the DHHR worker testified that

5

petitioner had not participated in any other services, except a single random drug screening in February of 2021, which was positive for methamphetamine. Finally, to the extent that petitioner argues that the COVID-19 pandemic substantially hindered his potential improvement, we note that he does not cite to the record in support of this contention, nor does he identify a single service that was unavailable to him. Accordingly, we find this argument unpersuasive and find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of neglect or abuse in the near future.

This Court has held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's finding is supported by the record, we find no error in the circuit court's decision to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 30, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton