# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.A. and Z.H.**

**No. 21-0667** (Jackson County 20-JA-13 and 20-JA-17)

## MEMORANDUM DECISION

Petitioner Mother J.B., by counsel Ryanne A. Ball, appeals the Circuit Court of Jackson County's December 21, 2020, order terminating her parental rights to J.A. and Z.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Barbara L. Utt, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in denying her motion for a continuance, revoking her improvement period, and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner abused and neglected her children due to substance abuse. The DHHR alleged that Z.H. was born drug-exposed and that petitioner had tested positive for methamphetamine at four prenatal visits during her pregnancy with the child. According to the petition, petitioner's continued substance abuse caused impaired parenting skills to a degree that posed an imminent risk to the children.

The circuit court held an adjudicatory hearing in May of 2020, during which petitioner stipulated that she had a substance abuse problem that had a negative effect on her ability to parent the children. The court accepted petitioner's stipulation and adjudicated her as an abusing parent.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Petitioner also filed a motion for a post-adjudicatory improvement period, which the court held in abeyance. The next month, the court held a hearing wherein it granted petitioner's motion for an improvement period.

In September of 2020, the court held a review hearing on petitioner's improvement period. On the same day, the DHHR filed a motion to revoke petitioner's improvement period and terminate her parental rights due to noncompliance with services, including her failure to complete parenting and life skill classes, submit to substance abuse treatment, and comply with drug screens. Petitioner's counsel moved for a continuance, stating that she had not had the opportunity to discuss the DHHR's motion with petitioner. The court granted petitioner's motion for a continuance and held the DHHR's motion in abeyance.

The next month, the court held a hearing, and the DHHR presented evidence of petitioner's noncompliance with services. Petitioner moved again to continue the review hearing. Petitioner's counsel also moved the court to hold the DHHR's motion to terminate petitioner's parental rights in abeyance because she had not had the opportunity to discuss the motion with petitioner. After hearing the evidence, petitioner's counsel informed the court that petitioner was unable to comply with services because she did not have a cell phone to communicate with the DHHR and service providers. The court directed the DHHR to provide petitioner with a cell phone. The court further ordered the DHHR to provide petitioner with bus vouchers for transportation and held the DHHR's motion to terminate petitioner's parental rights in abeyance to allow her additional time to comply with services.

A final dispositional hearing was held in November of 2020 during which the DHHR informed the court it was prepared to proceed on its motion to terminate petitioner's parental rights. Petitioner did not appear in person but was represented by counsel. Petitioner's counsel advised the court that petitioner was quarantining due to exposure to an individual who tested positive for COVID-19. As a result, petitioner's counsel moved for a continuance of the proceedings. The DHHR and guardian objected to the motion, arguing that petitioner had failed to participate in services throughout the proceedings. The court inquired further, and petitioner's counsel admitted that she had made "several attempts to both call and text [petitioner] to no avail." However, petitioner's counsel stated that petitioner had contacted her service provider about the COVID-19 exposure, and the service provider relayed the information to counsel. While discussing petitioner's pending motion to continue, petitioner's counsel indicated that petitioner had just contacted her by text message and advised that she did not feel well. The court noted that petitioner had failed to contact her counsel prior to the hearing, indicating that she would not appear in person. Further, the court noted that petitioner failed to make arrangements to participate in the hearing remotely or by telephone. As such, the court denied the motion, finding that proceeding with disposition was in the children's best interest due to the age of the case and petitioner's noncompliance with the DHHR.

The DHHR presented a case manager who testified that petitioner was sporadic in her compliance with services. The case manager stated that petitioner had only participated in a week's worth of services over the prior month and missed several drug screens. The case manager noted that petitioner's drug screens at the beginning of the proceedings were all positive for controlled substances. The case manager indicated that petitioner claimed to be ill at various points in the last

2

month which negated her ability to participate in services. However, under further questioning, the case manager noted that petitioner never provided proof of her alleged illness. The case manager testified that she informed petitioner of multiple opportunities to consult physicians, including a clinic where they would see her with no charge. Next, a second case manager testified that petitioner continued to miss drug screens and that her most recent screen was positive for controlled substances. The case manager further indicated that petitioner never had visitation with the children due to her failure to complete drug screens. The case manager explained that petitioner also failed to maintain contact with the DHHR throughout the proceedings, even after being provided with a cell phone.

After hearing the evidence, the court found that petitioner "malingered through services through the duration of this case" and that it was "clear [petitioner] does not wish to participate or remedy the circumstances that led to the filing of the petition." The court further found that there was no likelihood that petitioner could remedy the circumstances of abuse and neglect and that it was in the children's best interests to terminate petitioner's parental rights. Petitioner now appeals the circuit court's December 21, 2020, order that denied her motion to continue the proceedings and terminated her parental rights to the children.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion to continue the proceedings because it did not provide her an opportunity to be heard. Petitioner asserts that her exposure to COVID-19 rendered her unable to attend the final dispositional hearing, and the court should have granted her motion to continue which would have allowed her to appear when she was no longer quarantined. Petitioner contends that she was unable to consult with her counsel and unable to testify on her own behalf regarding her participation in her improvement period. We find petitioner is entitled to no relief.

---

[2]J.A.'s and Z.H.'s fathers' parental rights were terminated below. According to the parties, the permanency plan for the children is adoption in their current placement with their maternal great-grandmother.

3

This Court has held that "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 3, in part, *In re Mark M.*, 201 W. Va. 265, 496 S.E.2d 215 (1997) (quoting Syl. Pt. 2, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979)). "Whether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied." *Id* at 266, 496 S.E.2d at 216, Syl. Pt. 4, in part (citation omitted).

Petitioner is correct that West Virginia Code § 49-4-601(h) provides that parents in abuse and neglect proceedings "shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Petitioner fails, however, to explain how the circuit court violated her right to this opportunity by denying her motion. The record shows that petitioner could have contacted her counsel beforehand and appeared remotely at the proceedings. However, petitioner made no such contact and, thus, chose to relinquish her opportunity to be heard by failing to appear at the hearing. While petitioner asserts that she was quarantining and ill, there is nothing in the record to corroborate this claim, other than her unsupported assertions. Indeed, one of her case managers testified at the hearing that petitioner had previously claimed to be ill on multiple occasions earlier in the proceedings but refused to seek medical care or meet with a physician for treatment and turned down the DHHR's offers of assistance to do so. Further, petitioner fails to allege how she was prejudiced by the denial of the continuance, other than to generally assert that it was a violation of due process. She does not assert any specific evidence that she would have introduced to overcome termination if present at the hearing or otherwise explain why the proceedings should have been continued in her absence.

At the time petitioner's motion to continue was made, the child abuse and neglect proceedings had been pending for ten months, and petitioner had been noncompliant with services throughout the proceedings. Evidence was presented that petitioner had not made any progress toward correcting the conditions of abuse and neglect, and petitioner continued to test positive for controlled substances and miss drug screens throughout the proceedings. Furthermore, it is clear from the record that petitioner was notified of the time and date of the final disposition hearing in November of 2020, as she was present when the date was set on the record the month prior, and she contacted her service providers prior to the final dispositional hearing. Finally, the circuit court found that denying the motion to continue the proceedings was in the children's best interests.

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Based on the circumstances presented here, we find no abuse of the circuit court's discretion in denying petitioner's motion to continue.

Finally, petitioner argues that the circuit court erred in revoking her improvement period and terminating her parental rights. Petitioner contends that she was complying with the terms and conditions of her improvement period. Specifically, petitioner notes that she had been participating in services after being provided with a cell phone and that "she had not missed any scheduled appointments . . . for any reason other than an illness." Further, petitioner avers that she had taken steps to schedule other services, which were in turn delayed due to her exposure to COVID-19. Upon review, we find no merit to petitioner's argument.

Pursuant to West Virginia Code § 49-4-610(7), a circuit court shall terminate a parent's improvement period if it finds that she "has failed to fully participate in the terms of the improvement period." Here, the record is clear that petitioner failed to fully comply with the terms and conditions of her post-adjudicatory improvement period. The evidence establishes that petitioner repeatedly failed to fully participate in services or maintain contact with the DHHR and service providers during the improvement period. During the final dispositional hearing, a case manager noted that petitioner's drug screens at the beginning of the proceedings were all positive for controlled substances, and that petitioner ceased participating in drug screens altogether at the end of the proceedings. The case manager further indicated that petitioner never had visitation with the children due to her failure to complete drug screens. While petitioner claims that she was complying with services until her recent illness and COVID-19 exposure, the evidence presented indicates that petitioner was noncompliant throughout the ten-month proceedings. This Court has previously held that it is within "the [circuit] court's discretion to terminate the improvement period before the . . . time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996). Accordingly, we find no abuse of discretion in the circuit court's decision to terminate petitioner's improvement period.

Moreover, pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to follow through with a reasonable family case plan designed to prevent further abuse and neglect of the children. Although petitioner participated in some services with the DHHR, she ceased other services altogether including random drug screening. As a result of her continued substance abuse and noncompliance, petitioner also never visited with the children. After ten months of proceedings, petitioner had not remedied the conditions of abuse and neglect and there was no evidence that she was even attempting to address her substance abuse issues.

5

Accordingly, the record supports a finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected. Further, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children. . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 21, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment