**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.L. and K.L.**

**No. 23-641** (Hampshire County CC-14-2023-JA-9 and CC-14-2023-JA-10)

## MEMORANDUM DECISION

Petitioner Father B.L.[1] appeals the Circuit Court of Hampshire County's October 3, 2023, order terminating his parental rights to A.L. and K.L., arguing that the court erred in denying his motion to continue the adjudicatory hearing and denying him post-termination visitation with the children.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2023, the DHS filed an abuse and neglect petition based upon the petitioner's perpetration of domestic violence against the mother, arrest for possession of a firearm by a prohibited person, and drug use. The petitioner appeared for two preliminary hearings in February 2023. At the second hearing, in the petitioner's presence, the circuit court scheduled the adjudicatory hearing for 3:00 p.m. on April 11, 2023.

The adjudicatory hearing commenced at 3:41 p.m. on April 11, but the petitioner failed to appear. At that time, his counsel moved to continue the hearing as a result of the petitioner's absence. His counsel indicated that he had no contact with the petitioner despite attempting to reach him. The court denied the motion and proceeded to adjudication in regard to the petitioner. The DHS presented the mother as a witness, and the court took judicial notice of past testimony and evidence. Ultimately, the court adjudicated the petitioner of abusing and neglecting the children by virtue of his substance abuse, emotional abuse, and perpetration of domestic violence in their presence.

---

[1] The petitioner appears by counsel Eric S. Black. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Joyce E. Stewart appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

In September 2023, the petitioner filed a motion to vacate the adjudicatory order. Without citing any authority for such a motion, the petitioner claimed that "he was given the wrong hearing date and time by his prior counsel."[3] He further claimed that prior counsel gave his mother the wrong date and time for the adjudicatory hearing. As such, the petitioner requested that the court vacate the adjudicatory order and reopen the adjudicatory hearing. However, the court denied the motion, finding that the petitioner was present at the February 27, 2023, preliminary hearing when the adjudicatory hearing was scheduled and, therefore, had actual knowledge of the date and time of the hearing. The court then held a dispositional hearing and terminated the petitioner's parental rights to the children.[4] As to post-termination visitation, the court found that the same would be detrimental to the children, given the petitioner's repeatedly inappropriate conduct during the proceedings. This included the petitioner sending harassing messages to the DHS and the children's placement; making harassing phone calls to the DHS "where he appeared to be hostile and under the influence"; and creating posts on social media that were "delusional, irrational, [and] erratic." Accordingly, the court denied the petitioner post-termination visitation with the children. The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the circuit court erred in denying his motion to continue the adjudicatory hearing and his motion to vacate the adjudicatory order because he was denied a meaningful adjudicatory hearing and the right to be heard. The petitioner correctly asserts that West Virginia Code § 49-4-601(h) affords a parent "a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." However, we conclude that the petitioner was not denied a meaningful opportunity to be heard. The record shows that the petitioner was present in the courtroom when the court scheduled the date and time of adjudicatory hearing. Despite having this actual notice of the hearing, the petitioner failed to appear or otherwise communicate with his counsel. In short, the petitioner was given an opportunity to be heard, and he chose not to attend.

In regard to the denial of the petitioner's motion to continue, we have explained that "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 3, *In re Mark M.*, 201 W. Va. 265, 496 S.E.2d 215 (1997) (quoting Syl. Pt. 2, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979)). "Whether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court *at the time the request was denied*." *In re Mark M.*, 201 W. Va. at 266, 496 S.E.2d at 216, Syl. Pt. 4 (quoting *Bush*, 163 W. Va. at 169, 255 S.E.2d at 540, Syl. Pt. 3) (emphasis added). At the time the petitioner made the motion to continue, the only basis for the continuance was that the petitioner

---

[3] Following the adjudicatory hearing, the petitioner was appointed new counsel.

[4] The permanency plan for the children is to remain with the mother, who successfully completed an improvement period.

refused to remain in contact with his attorney and failed to appear for the adjudicatory hearing despite his presence when it was scheduled. In light of his actual notice of the hearing, we agree with the circuit court that this was insufficient to warrant a continuance. The petitioner's argument that the court erred in denying his later motion to vacate the adjudicatory hearing is also without merit. Not only did the petitioner fail to cite any authority upon which such a motion should be granted, but the court was free to weigh the credibility of the petitioner's mother's testimony regarding communication with prior counsel and the petitioner's assertion that prior counsel provided him the wrong date. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, the circuit court did not err in denying the petitioner's motions.[5]

Finally, we conclude that the circuit court did not err in denying the petitioner's request for post-termination visitation. According to the petitioner, he shared a close bond with the children, as attested to in his mother's testimony. However, the circuit court found that continued contact with the petitioner would be detrimental to the children, given his aggressive, erratic, and inappropriate behavior during the proceedings. As we have explained, circuit courts may grant "continued visitation or other contact with the abusing parent" following termination of parental rights only when "such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 11, in part, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) (quoting Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995)). We agree that the evidence demonstrated that post-termination visitation was inappropriate, as the petitioner threatened the children's caregiver and other personnel involved in the proceedings. Given the circuit court's finding regarding the petitioner's completely inappropriate behavior during the proceedings, which he does not contest before this Court, we conclude that denial of post-termination visitation was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 3, 2023, order is hereby affirmed.

Affirmed.

---

[5] We note that the petitioner's assignment of error on this issue specifically claims that the circuit court erred in both adjudicating him as an abusing parent and terminating his parental rights "without affording him full due process." However, the entirety of the petitioner's argument in support of this assignment of error concerns the petitioner's absence at the adjudicatory hearing and the denials of his motions predicated on that absence. The petitioner advances no actual argument concerning his adjudication and the termination of his parental rights, other than to assert that because those acts took place after he was absent at the adjudicatory hearing, they must have been error. Having concluded that the court did not err in denying the petitioner's motions regarding his absence at the adjudicatory hearing, the petitioner necessarily cannot be entitled to any relief predicated on this alleged error.

**ISSUED**: November 6, 2024


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4