**STATE OF WEST VIRGINIA**

**FILED**

**February 18, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **Z.T., C.G., and K.G.**

**No. 24-356** (Lewis County CC-21-2023-JA-46, CC-21-2023-JA-47, and
CC-21-2023-JA-48)

**MEMORANDUM DECISION**

Petitioner Mother, S.G.,[1] appeals the April 4, 2024, order of the Circuit Court of Lewis County terminating her parental rights to her three children, Z.T., C.G., and K.G.,[2] arguing that the circuit court erred by refusing to continue the final dispositional hearing when neither she, nor her newly retained attorney, were present. Upon review of the parties' briefs and oral arguments, the submitted record, and pertinent authorities, we find no error. Therefore, a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On September 20, 2023, S.G. tested presumptively positive for amphetamine, methamphetamine, and cocaine at a family court hearing. Thereafter, the DHS filed an abuse and neglect petition. In addition to drug use, the abuse and neglect petition alleged that S.G. had been evicted from her apartment and that she was living in a garage/shed with A.S., her new boyfriend who was a purported drug user, and Z.T., her oldest child. The petition indicated that S.G. had left C.G. and K.G. in the physical custody of R.M., the biological father of K.G. and the psychological father of C.G.[3] There were no allegations of abuse and neglect made against R.M. or C.T., the biological father of Z.T.[4]

---

[1] The petitioner is represented by Jeremy B. Cooper, Esq. Attorney General John B. McCuskey, Esq., and Assistant Attorney General Heather L. Olcott, Esq., appear on behalf of the West Virginia Department of Human Services ("DHS"). Because a new attorney general took office while this appeal was pending, his name has been substituted as counsel for the DHS. The guardian ad litem is Jamella L. Lockwood, Esq.

[2] We use initials instead of full names to protect the identity of the juveniles involved in this case. *See* W. Va. R. App. Proc. 40(e).

[3] C.G.'s biological father appears to be deceased, but the DHS was never able to complete DNA testing to confirm paternity, so the case proceeded with an "unknown father" as to C.G.

[4] The permanency plan for Z.T. and K.G. is to remain in the custody of their non-offending fathers. The permanency plan for C.G. is adoption by R.M.

The adjudicatory hearing began on November 7, 2023. The DHS presented evidence showing that S.G. had continued to test positive for methamphetamine, amphetamine, and cocaine on some of her drug screens. However, S.G. testified that she had only used methamphetamine one time which resulted in the September 2023 positive drug screen. During her testimony, the court questioned S.G. regarding her "thin appearance," indicating that it is often a sign of methamphetamine use. The court also questioned S.G.'s level of impairment at that time and ordered an immediate drug test. The instant drug screen was positive for methamphetamine, so the hearing was continued.

When the adjudicatory hearing resumed on December 4, 2023, S.G. requested that new counsel be appointed for her because she believed her attorney should have objected at the prior hearing when the court questioned her regarding her weight. After the court explained that the questions were relevant to drug usage and impairment and that a new attorney would not be appointed, S.G. indicated that she would proceed with her current counsel. The court then heard further evidence regarding S.G.'s drug use and living conditions. By order entered on January 23, 2024, S.G. was adjudicated as an abusing and neglecting parent based on her drug use and lack of appropriate housing for her children.

The parties appeared for the dispositional hearing on January 9, 2024. The DHS requested a continuance so it could file a motion for termination of S.G.'s parental rights, explaining that it had been giving her the opportunity to attend drug rehabilitation. S.G. addressed the court directly at that time and again requested new counsel. She stated that there was a breakdown in communication because her attorney told her she would lose her children if she did not attend drug rehabilitation. The court denied S.G.'s request, explaining that her attorney was not ineffective and the advice she had been given was the truth.

The dispositional hearing was reconvened on February 1, 2024, but was continued again upon a motion filed by S.G. because she was attending an in-patient drug treatment program. At the next dispositional hearing on February 27, 2024, S.G. sought a post-adjudicatory improvement period. She testified that she had attended drug rehabilitation because she did not want to lose her children. However, she continued to maintain that she had only used methamphetamine once and that she did not have a drug problem. Yet, the DHS presented evidence that she had tested positive for methamphetamine eleven times during the proceedings. Upon consideration of the evidence, the court denied S.G. an improvement period, explaining that there was no basis to do so because of her unwillingness to acknowledge her drug problem despite clear and convincing evidence of her methamphetamine use. At that point, S.G. indicated that she might be willing to voluntarily relinquish her parental rights, so all parties agreed to continue the matter for another week.

The final dispositional hearing was held on March 5, 2024. That morning, the circuit court received a Notice of Appearance from an attorney, indicating that he had been retained by S.G. to represent her. However, neither S.G., nor her newly retained attorney, appeared at the hearing that afternoon. S.G.'s court-appointed attorney was present though and indicated that she thought S.G. had hired new counsel, but she had not been contacted by the attorney. Nonetheless, S.G.'s court-appointed attorney moved to continue the hearing due to S.G.'s absence. The circuit court denied the motion, explaining:

We had rescheduled this for today because of the possibility that [S.G.] was going to voluntarily relinquish her parental rights which I'd give her the opportunity; and then now she has not appeared.

And, you know, I—I don't—I'm not going to delay this any further. The law provides that we try to put these cases in a situation where we achieve permanency for the children. . . . So I think that given their ages,[5] it's important to achieve permanency[.]

[I]t's been since November 7 . . . almost four months since the adjudicatory hearing so I don't think it's appropriate, under the law and under the circumstances, to continue this case further.

(Footnote added). The court then proceeded to hear testimony and argument on the DHS's motion to terminate S.G.'s parental rights. Thereafter, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future because of S.G.'s refusal to acknowledge her substance abuse problem even when confronted with evidence that she had tested positive for methamphetamine eleven times during the case. The court also made a finding that it was in the children's best interests to terminate S.G.'s parental rights. The dispositional order was entered on April 4, 2024, and this appeal followed.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). In this appeal, S.G. only challenges the circuit court's refusal to continue the final dispositional hearing. She argues that the circuit court erred by denying her and her new attorney the opportunity to appear and present evidence to show that her drug screen results were unreliable.

It is well established that "'[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion.' Syl. Pt. 2, *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979)." Syl. Pt. 3, *In re Mark M.*, 201 W. Va. 265, 496 S.E.2d 215 (1997). This Court has held that "'[w]hether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied.'" *Id.,* 201 W. Va. at 265, 496 S.E.2d at 215, *quoting* syl. pt. 3, *Bush.* Upon review, we find no abuse of discretion.

Rule 32 of the Rules of Procedure for Child Abuse and Neglect Proceedings requires the dispositional hearing to commence within forty-five days of entry of the final adjudicatory order unless an improvement period is granted. While the dispositional hearing in this proceeding began within the requisite time frame, three continuances had caused the matter to remain pending two months later. Our procedural rules are designed to achieve permanency for children as quickly as

---

[5] The children were three, five, and eight years old.

possible because we have recognized that "[u]njustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In re Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). Accordingly, "we repeatedly have held in our case law that abuse and neglect proceedings should be resolved as expediently as possible in order to safeguard the well being of the young children at the heart of such proceedings." *In re Emily*, 208 W. Va. 325, 337, 540 S.E.2d 542, 554 (2000). It is clear from the record in this case that the circuit court refused to continue the dispositional hearing further so that it could meet this goal.

While S.G. posits that there must have been miscommunication as to the final hearing date, there is no evidence in the record to support that assertion. On the contrary, the record reflects that S.G. was present at the February 27 hearing and expressly agreed to continuing the matter to March 5 so she could complete the necessary paperwork to voluntarily relinquish her parental rights. As for S.G.'s claim that by denying her a continuance, she was unable to challenge the accuracy of her drug screens, the record shows that she had that opportunity and did in fact submit results from independent drug testing she had completed in November 2023.[6] She also requested and was granted authorization for a hair follicle drug screen but then chose not to have that test.[7]

Finally, S.G. argues that she was put in a "patently disadvantageous position" because of the circuit court's displeasure with her newly retained attorney's absence after he gave notice that he had been hired to represent her.[8] While the court did comment on the attorney's failure to appear on other similar occasions, most of the remarks were made at the end of the hearing after the court decided to terminate S.G.'s parental rights. Having carefully reviewed the record, we find that the decision not to delay the matter further was based on the need to provide permanency for the children, and therefore, the circuit court did not abuse its discretion.

Having found no error, we hereby affirm the circuit court's April 4, 2024, order terminating S.G.'s parental rights.

---

[6] The test did not check for the presence of methamphetamine and the cutoff level for other controlled substances was higher than that used by the Day Report Center.

[7] Under Rule 35(a)(2) of the Rules of Procedure for Child Abuse and Neglect Proceedings,

> [i]f the parent is not present in court and has not relinquished parental rights but has failed to contest the termination, the [DHS] shall make a prima facie ("on its face") showing that there is a legal basis for the termination of parental rights and the court shall determine whether the parent was given proper notice of the proceedings.

While S.G.'s court appointed counsel sought a continuance, she never asserted that S.G. lacked proper notice of the proceedings.

[8] S.G.'s newly retained attorney was never substituted as counsel under West Virginia Trial Court Rule 4.04.

4

Affirmed.

**ISSUED:**   February 18, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III